UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-CV-20352

MARIA G. PENA,

Plaintiff,

vs.

HANDY WASH, INC. d/b/a
INDEPENDENT DRIVERS ASSOCIATION,
ZUNI TRANSPORTATION, INC., and
JORGE AZOR,

Defendants.
_________________________________/

# COMPLAINT
## (*OPT-IN CLASS/COLLECTIVE ACTION*)

Plaintiff, Maria G. Peña, bring this action on behalf of herself and a class of others similarly situated to require Defendants, Handy Wash, Inc. d/b/a Independent Drivers Association, Zuni Transportation, Inc., and Jorge Azor, to pay back wages owed to Plaintiff and their other drivers, which Defendants failed to pay in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. ("the FLSA"). Plaintiff seeks damages, a declaration of rights, and permanent injunctive relief for herself and all class members.

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Maria G. Peña**, was and is a resident of Miami-Dade County, Florida, at all times material, and she is *sui juris*. She was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and one-half times her regular rate of pay for all time she spent working over 40 hours per week from Defendants. Ms. Vega consents to participate in this lawsuit. [DE 1-1.]



9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

2. **Defendant, Handy Wash, Inc. ("Handy Wash")**, is a Florida for-profit that conducts its for-profit paratransit business in Florida, and it is *sui juris*. It also does business as the Independent Drivers Association. Handy Wash maintains its principal place of business here, in Miami-Dade County, Florida.

3. **Defendant, Zuni Transportation, Inc. ("Zuni")**, is a Florida for-profit that conducts its for-profit paratransit business in Florida, and it is *sui juris*. Zuni maintains its principal place of business here, in Miami-Dade County, Florida.

4. **Defendant, Jorge Azor**, was and is the owner and operator of Handy Wash and of Zuni for the relevant time period. He ran the day-to-day operations of Handy Wash and Zuni and was responsible for paying wages to Plaintiff and to the other drivers.

5. Defendants, Handy Wash, Zuni, and Jorge Azor, were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed the Plaintiff.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, maintain several offices and their principal place of business and/or live in this District, because Defendants employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

***Background Facts***

7. Defendants have been at all times material engaged in interstate commerce in the course of their transporting patients to and locations within South Florida for medical and healthcare-related appointments. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state medical payors. Defendants' annual gross revenues derived from this interstate commerce are believed to



9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

be in excess of $500,000.00 for the relevant time period.

8. Defendants own and operate a transportation service that operates throughout South Florida and utilize cars, vans, computers, telephones, phone systems, and other materials and supplies to engage in interstate commerce.

9. In particular, Defendants advertise on the internet as follows:

> Zuni is a provider of Non-Emergency Ambulatory and Non-Ambulatory Transportation services commonly known as Paratransit. Paratransit firms provide governmental entities and medical providers an efficient way to transport their clients and patients.

http://www.zunitrans.com/services.html.

10. Plaintiff, Maria G. Peña, worked for Defendants from 2008 to approximately March 24, 2013 transporting patients to and from their medical appointments for Defendants. To the extent that records exist regarding the exact dates of this Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

11. Plaintiffs' work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants. Plaintiff would routinely drive a vehicle owned by Defendants that she would fill up with gasoline.

12. Defendants required of Ms. Peña, and the other similarly situated current and former of employees/drivers of Defendants as follows:

i. to wear uniforms/shirts bearing the logo of Defendants;

ii. to utilize a vehicle owned or leased by Defendants to transport patients;

iii. to pick up patients/clients assigned to them by Defendants, at the time designated by Defendants, and at the location designated by Defendants;

iv. to drop off patients/clients assigned to them by Defendants and at the



9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

location designated by Defendants;

v. to clean the car/van owned or leased by Defendants;

vi. to adhere to the daily schedule which was provided to them by fax/email the night before each workday;

vii. to make sure that the car/van owned or leased by Defendants and driven by each would pass inspections performed by the companies that hired Defendants; and

viii. to follow other written and unwritten policies and procedures mandated by Defendants.

13. Defendants contributed and/or paid for insurance for Ms. Peña and for Defendants' other employees/drivers.

14. Defendants paid Ms. Peña and the other similarly situated current and former employees of Defendants a per-passenger rate only without any additional compensation for any overtime hours worked at all.

15. Because they considered Plaintiffs and the class members as independent contractors, Defendants entirely failed to account for all of the time Defendants actually worked or were subject to work for Defendants by not utilizing any time-tracking method approved by the FLSA or otherwise.

16. Even though Ms. Peña, could not work for anyone else because she worked an average of approximately 10-12 hours per day on each weekday, plus 10-12 hours on two weekends each month, so that she worked approximately 60 hours per week. Defendants, however, failed and refused to pay Plaintiff or its other drivers/employees overtime wages calculated at time and one-half of her/their regular hourly rates for all hours worked over 40



9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

hours in a given workweek.

17. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

18. The additional persons who may become Plaintiffs in this action are current and former employees of Defendants who are and who were subject to the payroll practices and procedures of Defendants and who were not paid overtime wages. These additional persons are readily identifiable from records maintained by Defendants and necessarily will present legal and factual issues which are nearly the same, if not identical to those presented by Plaintiffs.

**COUNT I – OVERTIME VIOLATION**

Plaintiff, Maria G. Peña, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

19. Defendants willfully and intentionally refused to pay Plaintiff and their other similarly situated current and former employees/drivers wages at a rate of one and one-half times the regular rate of pay for each of the overtime hours they worked during the relevant time period.

20. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff and their other similarly situated current and former employees/drivers an overtime wage for all overtime hours they worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled employees to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff and the putative class members of the overtime pay they earned by making payments to Plaintiff (and the putative class members) as independent contractors, and then failed to timely correct their violation after having known and been put on notice of same.



9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

21. Plaintiffs and the members of the class are entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Maria G. Peña, demands the entry of a judgment in her favor and against Defendants, Handy Wash, Inc. d/b/a Independent Drivers Association, Zuni Transportation, Inc., and Jorge Azor, jointly and severally, after trial by jury and as follows:

a. That the Court certify the instant suit as an opt-in class action under 29 U.S.C. § 216(b) for all similarly situated employees who elect to join these proceedings;

b. That the named Plaintiff and all class members who opt in recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

c. That Plaintiff and the class recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That the Defendants be Ordered to make the Plaintiff and all class members who opt in whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and; and

e. Such other and further relief as the Court deems just and proper.

**COUNT II – DECLARATION OF RIGHTS**

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

22. Plaintiff and Defendants have a pending dispute under the Fair Labor Standards Act, which this Court has jurisdiction to decide pursuant to 29 U.S.C. §1331.The Court also had jurisdiction over Plaintiff's request for a declaration of rights pursuant to 28 U.S.C. §§2201,



9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

2202.

23. Defendants did not rely on a good faith defense in not paying Plaintiff and the other similarly situated employees their overtime wages.

24. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue, including whether Plaintiff and the other similarly situated current and former employees of Defendants were employees (and misclassified as independent contractors) of Defendants, whether Defendants failed to comply with the timekeeping requirements of the FLSA, and failed to comply with other regulations of the FLSA.

25. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiffs and all other current and former employees of Defendants now and in the future.

WHEREFORE Plaintiff, Maria G. Peña, and all others similarly situated, demands trial by jury of all issues so triable, and the entry of declaratory judgment against Defendants, Handy Wash, Inc. d/b/a Independent Drivers Association, Zuni Transportation, Inc., and Jorge Azor, as follows:

a. That the Court certify the instant suit as an opt-in class action under 29 U.S.C. §216(b) for all similarly situated employees who elect to join these proceedings;

b. That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiff;

c. That the Court declare Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

d. That Defendants be enjoined from further violations of the Fair Labor Standards Act;



9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*

e. That Plaintiff and the class recover an award of reasonable attorneys fees, costs, and expenses;

f. That the Defendants be Ordered to make the Plaintiff and all class members who opt in whole by providing appropriate back pay, overtime pay, prejudgment interest, and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

g. Such additional relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 30th day of January, 2014.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiff*
9130 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Tel: 305.230.4884
Fax: 305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com