UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 14-CV-20352-ALTONAGA/SIMONTON

MARIA G. PENA, on behalf of herself and
others similarity situated,

        Plaintiff,

vs.

HANDY WASH, INC., d/b/a INDEPENDENT
DRIVERS ASSOCIATION, ZUNI
TRANSPORTATION, INC., and JORGE
AZOR,
        Defendants.
_____/

**DEFENDANTS' MOTION IN LIMINE REGARDING CARLOS AZOR**

Defendants HANDY WASH, INC., ZUNI TRANSPORTATION, INC., and JORGE AZOR, through undersigned counsel and pursuant to Rules 404 and 609 of the Federal Rules of Evidence, move *in limine* to exclude any evidence at trial regarding the 1988 criminal convictions of Carlos Azor, a manager at ZUNI TRANSPORATION, as follows:

1. <u>Summary of Motion</u>: Defendants move *in limine* to exclude any evidence of the 1988 criminal convictions for robbery and kidnapping of Carlos Azor, a sixteen-year employee at ZUNI TRANSPORATION. Mr. Azor was released from incarceration in 1998, approximately seventeen (17) years ago and the conviction is too remote in time, has no probative value, is highly prejudicial, and must be excluded in this Fair Labor Standards Act misclassification case.

2. <u>Evidentiary Rules Governing Prior Crimes</u>: Rule 404 prohibits character evidence or evidence of a crime to show propensity. *Fed. R. Evid.* Rule 404. Rule 609(a) provides for admission of a felony crime in a civil case where the witness is not a defendant, or if the witness is a defendant, only where the probative value of the evidence outweighs the prejudicial effect to

that defendant. *Fed. R. Evid.* Rule 609. Rule 609(b) prohibits evidence of prior crimes if more than ten years have passed since the conviction or release from confinement, whichever is later, *unless* the probative value, supported by specific facts and circumstances, *substantially* outweighs its prejudicial effect. *Id.*

3. <u>Presumption Against Admissibility of Convictions That Are Remote in Time</u>: In the Eleventh Circuit "there is a presumption against the use of prior crime impeachment evidence over ten years old; such convictions 'will be admitted very rarely and only in exceptional circumstances.'" *U.S. v. Pritchard*, 973 F. 2d 905, 908 (11th Cir. 1992). "The danger in admitting stale convictions is that while their remoteness limits their probative value, their prejudicial effect remains." *Id*. *See Graddy v. City of Tampa*, Case No. 8:12-cv-1882-T-24 EAH (Judge S. Bucklew, M.D. Fla., March 29, 2014) (entering order *in limine* regarding convictions that are more than ten years or that do not involve a felony crime due to lack of "exceptional circumstances" warranting admission of evidence); *Corcoran v. CHG-Meridian U.S. Finance, Ltd*., Case No. 5:11-cv-1462  (N.D. N.Y., May 15, 2014)(referring to heightened standard of Rule 609(b) that the evidence have a greater probative value than that required under Rule 609(a)). The party seeking to introduce the conviction has the burden of showing the court that it should be admitted. *Dingman v. Cart Shield USA, LLC*, Case No. 12-20088-CIV-Goodman (S.D. Fla. July 3, 2013).

4. <u>Summary of Claims & Procedural History</u>:  In this FLSA collective claim, Plaintiffs maintain Defendants misclassified them as independent contractors and failed to pay overtime for hours worked as para-transit drivers operating Miami-Dade County STS routes. Carlos Azor is a long term manager at ZUNI TRANSPORTATION who interacted with the Plaintiffs, who went to him for troubleshooting and work-related inquiries and requests.   Among the

Defendants' defenses is that their classification of Plaintiffs as independent contractors was in good faith, and not due to a willful violation of the FLSA.

During depositions, several of the Plaintiffs were asked about evidence of Defendants' willfulness, and in response, Plaintiff BERNALES testified that the Defendant JORGE AZOR and Mr. Carlos Azor were "good people, very good bosses." BERNALES, p. 36.

Based upon discussions with Plaintiffs' counsel, it is anticipated that to refute Plaintiff BERNALES' own testimony that in regards to their working relationship at ZUNI Defendant AZOR and his brother Carlos Azor were "good people," Plaintiff will attempt to impugn or impeach Carlos Azor with evidence of his criminal convictions from 27 years ago.

5.  <u>Prior Crimes Inadmissible</u>:  Evidence of Carlos Azor's prior crimes is inadmissible as the conviction and release from incarceration date from more than ten years ago, and Plaintiffs can present no "exceptional circumstances" why the evidence is essential, or even probative, to their claim.  The crimes committed do not bear upon any of the claims and defenses, nor can it be shown that the evidence of two stale convictions nearly three decades old has any present evidentiary value other than to inflame and prejudice the jury. *See U.S. v. Pritchard, supra*.

WHEREFORE, Defendants HANDY WASH, INC., ZUNI TRANSPORTATION, INC., and JORGE AZOR request this Court enter an order *in limine* prohibiting evidence of Carlos Azor's prior felony convictions, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

GRUMER & MACALUSO, P.A.
Attorneys for DEFENDANTS
One East Broward Boulevard, Suite 1501
Fort Lauderdale, Florida 33301
(954) 713-2700; (954) 713-2713 (fax)
Primary Email:        Service@grumerlaw.com
Secondary Emails:   kgrumer@grumerlaw.com
                             slopez@grumerlaw.com

By:  /s/ Keith T. Grumer
          KEITH T. GRUMER
          FLORIDA BAR No.:  550416

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 20th day of May, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or vial U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Keith T. Grumer