UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 14-CV-20352-ALTONAGA/SIMONTON

MARIA G. PENA, on behalf of herself and
others similarity situated,

        Plaintiff,

vs.

HANDY WASH, INC., d/b/a INDEPENDENT
DRIVERS ASSOCIATION, ZUNI
TRANSPORTATION, INC., and JORGE
AZOR,
        Defendants.
_____/

**DEFENDANTS' MOTION IN LIMINE**

        Defendants HANDY WASH, INC., ZUNI TRANSPORTATION, INC., and JORGE AZOR, through undersigned counsel and pursuant to Rules 401, 402 & 403 of the Federal Rules of Evidence, move *in limine* to exclude any evidence at trial regarding the pending Department of Labor Wage and Hour Division audit of Defendant ZUNI TRANSPORTATION for the period of December 10, 2012 to December 9, 2014, as well as evidence of a purported DOL supervised settlement with another paratransit provider iTransport, as follows:

1.    <u>Summary of Motion</u>: Defendants move *in limine* to exclude any evidence at trial of the (a) Department of Labor Wage and Hour Division audit of Defendant ZUNI TRANSPORTATION for the period of December 10, 2012 to December 9, 2014, which audit is ongoing, and (b) a purported DOL supervised settlement with another paratransit provider, iTransport, the details of which are unknown. The evidence does not meet the test for relevance under Rule 401, and if admitted, any possible relevance will be outweighed by undue prejudice, confusion and waste of time, and must be excluded under Rule 403.

2. <u>Evidentiary Rules Governing Admissibility</u>:  Rule 402 prohibits admission of irrelevant evidence.  *Fed. R. Evid.* R. 402.  Rule 401 defines relevant evidence as any evidence that has a tendency to make a fact more or less probable that it would be without the evidence, and is of consequence in determining the action. *Fed. R. Evid.* R. 401.  Rule 403 authorizes the Court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury or waste of time, among others. *Fed. R. Evid.* R. 403.

3. <u>Summary of Claims & Procedural History</u>:  In this FLSA collective claim, the Plaintiffs maintain Defendants misclassified them as independent contractors and failed to pay overtime for hours worked as para-transit drivers operating Miami-Dade County STS routes from approximately January 2011 until March 2013.  Among the Defendants' defenses is that their classification of Plaintiffs as independent contractors was in good faith, and not due to a willful violation of the FLSA.

In support of the good faith defense, Defendants rely on their subjective belief that their treatment Plaintiffs as independent contractors was not in violation of the FLSA, based in part upon the prominent role that independent drivers have had in the development and growth of Miami Dade County STS system over the last 25 years, and reliance on independent drivers is part of the industry wide practice in Miami Dade County.

Based upon discussions with Plaintiffs' counsel, and on Plaintiff's Statement of Contested Facts [DE 145] it is anticipated that Plaintiffs will seek to refute Defendants' position by introduction evidence that (a) since December 4, 2014, well after this proceeding commenced, Defendant ZUNI TRANSPORTATION ,who ceased operating as a STS para-transit provider in March, 2013, has been the subject of an ongoing DOL Wage and Hour Division audit for the

period between December 10, 2012 and December 9, 2014; and (b) evidence that *another* STS para-transit provider, iTransport, was subject to a purported DOL supervised settlement the details of which are unknown and not part of the record.

4.    <u>Anticipated Evidence of DOL ZUNI Audit and DOL Settlement with Third Party Inadmissible</u>:  Evidence of the ongoing DOL audit of ZUNI TRANSPORATION, which has not yielded any findings, administrative order, or DOL administrative action, is inadmissible as the evidence is not relevant, or probative of any of the claims at issue here.   The DOL audit is limited to the period between December 10, 2012 through December 9, 2014 (overlapping with period of Plaintiffs' claims by 3 months), and does *not* address or cover the Plaintiffs herein[1], and would serve no purpose other than to prejudice ZUNI and confuse and inflame the jury.  The fact that a DOL audit is ongoing is itself irrelevant, and does not tend to make any material fact more or less probable.    The ongoing DOL audit does not bear upon any of the Plaintiffs, or the claims and defenses, nor can it be shown that the evidence of has any present evidentiary value other than to inflame and prejudice the jury, and cause them to surmise that if the DOL is performing an audit something improper must be afoot.

Similarly, evidence of a purported DOL supervised settlement with iTransport (a Miami Dade STS paratransit provider unrelated to Defendants), the timing and details of which are unknown, does not meet the test of relevance under Rule 401.  Plaintiffs attached as Exhibit "1" to DE  145[2] an illegible document which purports to related to a DOL settlement with iTransport,

---

[1] The December 4, 2014 DOL correspondence (attached hereto, and at DE 145-2) restricts the requested materials to the period between December 10, 2012 to December 9, 2014, for all contractors/employee/drivers of ZUNI.  Thereafter, when DOL investigator Pierre Jacques was informed of the instant proceeding, he excluded the Plaintiffs herein from the purview of the audit.

[2] DE 145-1 was never produced by Plaintiffs to Defendants during the course of discovery, and no discovery ensued related to the document or the purported DOL supervise settlement with

but that unauthenticated and hearsay document does not provide any insight or information regarding the precise nature of the DOL administrative proceeding or findings, or of the purported settlement. Before filing DE 145-1, it is believed that Plaintiffs' counsel improperly redacted the document (which is not confidential), including the period of time covered in the purported DOL structured settlement, which would be highly material to this Court's consideration of the evidentiary value.[3]

Assuming the iTransport settlement could even be removed from the realm of hearsay and speculation, and if any potential probative value exists it would be outweighed by the potential for prejudice and jury confusion. The jury will likely draw unjustified comparisons between Defendants here and iTransport, unjustified assumptions about the nature of the claims or investigation or findings that resulted in the purported supervised settlement with iTransport, and hold Defendants accountable for supposed transgressions that may not be borne out in the evidence in this case. There is absolutely no record evidence of when the DOL investigation of iTransport occurred, what period of time it covered, its impact on industry practice, or that the details were known to Defendants, or when, so as to have any bearing on their subjective good faith belief regarding the classification of Plaintiffs herein. Defendant JORGE AZOR testified he was unaware whether iTransport presently used independent contractors other than through the testimony of those Plaintiffs who currently drive for iTransport. JORGE AZOR, p. 96. The purported DOL settlement with iTransport and any ensuing change among current paratransit providers is not relevant to Defendants subjective good faith belief during the two decades prior to March, 2013.

---

iTransport.

[3] Defendants counsel just learned from the principal of iTransport that the period covered under its DOL settlement commenced on April 1, 2013, well after the March 2013 cutoff for the collective class in this proceeding, and pertained only to employee drivers of iTransport.

WHEREFORE, Defendants HANDY WASH, INC., ZUNI TRANSPORTATION, INC., and JORGE AZOR request this Court enter an order *in limine* consistent with this Motion, and grant such other and further relief as this Court deems just and proper.

> Respectfully submitted,
>
> GRUMER & MACALUSO, P.A.
> Attorneys for DEFENDANTS
> One East Broward Boulevard, Suite 1501
> Fort Lauderdale, Florida 33301
> (954) 713-2700; (954) 713-2713 (fax)
> Primary Email:       Service@grumerlaw.com
> Secondary Emails:    kgrumer@grumerlaw.com
>                      slopez@grumerlaw.com
>
> By: __/s/ Keith T. Grumer_____
>         KEITH T. GRUMER
>         FLORIDA BAR No.: 550416

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 20th day of May, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or vial U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> By: /s/ Keith T. Grumer_____