UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20352-CIV-ALTONAGA/O'Sullivan

**MARIA G. PEÑA**,

    Plaintiff,

v.

**HANDY WASH, INC.**, *et al.*,

    Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Maria G. Peña's ("Peña['s]") Motion *In Limine* ("Motion") [ECF No. 158], filed May 20, 2015. Defendants, Handy Wash, Inc. ("Handy Wash"); Zuni Transportation, Inc. ("Zuni"); and Jorge Azor ("Azor"); (collectively, "Defendants"), filed a Response in Opposition . . . ("Response") [ECF No. 170] on June 8, 2015; and Plaintiff filed a Reply . . . ("Reply") [ECF No. 171] on June 15, 2012. This Court has carefully reviewed the parties' written submissions, the record, and applicable law.

### I. BACKGROUND

This Order assumes the reader is familiar with the case and earlier Orders, and consequently contains an abbreviated discussion of the facts and issues. On January 30, 2014, Plaintiff brought a claim for failure to pay overtime compensation against Defendants, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 216(b). (*See generally* Compl. [ECF No. 1]). The central issue in this case is whether Defendants misclassified Plaintiff an independent contractor as opposed to an employee. At trial, Plaintiff seeks to establish: (1) Defendants willfully violated the FLSA and are subject to the extended three-year statute of limitations period (*see* Compl. [ECF No. 1] ¶¶ 19–20; Mot. ¶ 15); and (2) entitlement to liquidated damages (*see* Compl. ¶ 21b; Mot. ¶ 15). In her Motion, Plaintiff requests the Court

preclude Defendants from presenting evidence Defendants consulted with counsel and relied on administrative agency decisions to refute Plaintiff's willfulness argument and establish a good faith defense to liquidated damages.[1]

## II. STANDARD

The question of willfulness and good faith presents a related inquiry, and "the judge and jury answer what is essentially the same question for two different purposes." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162 (11th Cir. 2008)). First, the "willfulness or good faith question is answered . . . by the jury to determine the period of limitations . . . ." *Id.* (alterations added). "The statute of limitations for a claim seeking unpaid overtime wages under the FLSA is generally two years." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280 (11th Cir. 2008) (citing 29 U.S.C. § 255(a)). "But if the claim is one 'arising out of a willful violation,' the statute of limitations is extended to three years." *Id.* (quoting 29 U.S.C. § 255(a)). To establish a willful violation, Plaintiff must prove by a preponderance of the evidence Defendants either knew their conduct was prohibited by the FLSA or showed reckless disregard — failure to make adequate inquiry — about whether it was. *See id.*

"[I]f there is a verdict for the employee," the willfulness or good faith question is answered "again by the judge to determine whether to award liquidated damages." *Alvarez Perez*, 515 F.3d at 1162 (alteration added). "When the jury finds an employer has violated the FLSA and assesses compensatory damages, the district court generally must add an award of liquidated damages in an equal amount." *Morgan*, 551 F.3d at 1282 (citing 29 U.S.C. § 216(b); *Alvarez Perez*, 515 F.3d at 1163). "However, the district court has discretion to reduce or deny

---

[1] Defendants agree not to introduce or refer to attorneys' fees or liquidated damages at trial. (*See* Mot. 1–2; Resp. 1 n.1).

liquidated damages 'if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA].'" *Id.* (quoting *Alvarez Perez*, 515 F.3d at 1163) (brackets in original; footnote call number omitted).

"The employer bears the burden of establishing both the subjective and objective components of that good faith defense against liquidated damages." *Alvarez Perez*, 515 F.3d at 1163 (citations omitted). "Subjective good faith means the employer has an honest intention to ascertain what the FLSA requires and to act in accordance with it." *Friedman v. S. Fla. Psychiatric Assoc., Inc.*, 139 F. App'x 183, 185 (11th Cir. 2005) (citing *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991)). "Objective good faith means the employer had reasonable grounds for believing its conduct comported with the FLSA." *Id.* at 186 (citing *Dybach*, 942 F.2d at 1566).

### III. ANALYSIS

#### A. Consultation with Counsel

To "demonstrate a lack of willfulness" and to "buttress [their] defense of good faith," Defendants intend to present evidence of the fact — on its own — they sought legal counsel in 2008 regarding whether the FLSA applied to their ticket drivers. (Resp. 2 (alteration added)). Defendants do not intend to present evidence of what advice counsel gave in response to their inquiry. Indeed, Defendants impeded Plaintiff's efforts to discover the content of their discussion with counsel and, at Azor's deposition, prevented Plaintiff from inquiring about the same because of an attorney-client privilege objection. (*See* Mot. 4–5). Plaintiff agreed not to challenge this objection based on Defendants' stipulation they would not later rely on the advice they received from counsel as evidence Defendants believed their classification of the ticket

drivers as independent contractors complied with the FLSA.[2] Now, however, Defendants wish to maneuver around their stipulation by arguing the "very act of seeking out attorney review of the matter refutes a claim of willfulness or reckless disregard of their FLSA obligations." (Resp. 3).

Although the parties did not address it in their briefing, this appears, to the Court, to raise an issue of inferential hearsay. Black's Law Dictionary defines "inferential hearsay" as "Hearsay that is implied in testimony that suggests the contents of a conversation that is not explicitly disclosed by the testimony." BLACK'S LAW DICTIONARY (10th ed. 2014); *see also Hutchins v. Wainwright*, 715 F.2d 512, 516 (11th Cir. 1983) (Prosecution's proffer of evidence of what detectives did based on their conversations with non-testifying informant — even without offering content of conversations with informant — constituted hearsay because what the informant "knew was readily inferred").

Defendants wish to introduce evidence they consulted with counsel regarding their classification of the ticket drivers as independent contractors, without revealing the substance of the conversation. Their objective is clear: let the jury infer from the fact Defendants continued to

---

[2] The following exchange took place at the Azor deposition:

> Mr. POLLOCK (counsel for Plaintiff): Before the filing of this lawsuit had you consulted with any attorneys about whether the Fair Labor Standards Act applied or did not apply to the ticket drivers?
>
> MR. GRUMER (counsel for Defendants): I'm going to counsel the witness that the existence of the conversation itself may be discoverable but the content is not as it is privilege [*sic*], so you may answer generally whether you have discussed the legality from a wage perspective of independents with counsel but you may not divulge any of the content.
>
> MR. POLLOCK: And that's fine as long as you are not going to come in with a defense and say well, my lawyer said it was okay to do [*sic*] and so that's why I paid them this way.
>
> MR. GRUMER: I'll be fine with that.

(Dep. J. Azor, [ECF No. 128-7] 81:24–82:16 (alterations added)).

classify their ticket drivers as independent contractors after consulting counsel; that — as Plaintiff aptly describes — "their attorney blessed their conduct." (Reply 3). Defendants have not identified an applicable exception to what is clearly inferential hearsay.

Notwithstanding the issue of hearsay and Defendants' stipulation not to introduce such evidence, Plaintiff raises an additional concern: "[t]hat Defendants met with an attorney, without more, is irrelevant, unfairly prejudicial to Plaintiffs [sic], and would be potentially confusing to the jury." (Mot. 7 (alterations added)). The Court agrees. In their Motion for Partial Summary Judgment [ECF No. 136] on this very issue, and in their Response, Defendants fail to present any legal authority to support their position "[t]he existence of Defendants' inquiry to counsel alone *is* evidence of their good faith; they sought legal advice as to their employment practices, no further inquiry is required, it is by itself an *indicia* [sic] of good faith and lack of willfulness." (Defs.' Summ. J. Reply [ECF No. 150] 2 (emphasis in original)).

To the contrary, courts in this District have held "mere reliance on the advice of counsel is insufficient to satisfy defendants' burden in proving their good faith . . . ." *Fuentes v. CAI Int'l, Inc.*, 728 F. Supp. 2d 1347, 1358 (S.D. Fla. 2010) (alteration added; citation omitted) (denying summary judgment on defendants' defense of good faith reliance on advice of counsel where defendants failed "to identify record evidence to establish what they disclosed to their attorney in seeking and obtaining his advice and whether that legal advice was reasonable"); *see also Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2010 WL 4553675, at *7 (S.D. Fla. Nov. 3, 2010) (denying summary judgment on the defense of good faith reliance on the advice of counsel, finding a declaration "that simply states that Paradise Awnings received legal advice about whether it was properly paying the [p]laintiffs, and that the advice was that the [p]laintiffs were exempt from the FLSA," insufficient (alterations added)).

Case No. 14-20352-CIV-ALTONAGA/O' Sullivan

"[T]o reap the benefit of the good faith defense of [29 U.S.C. section] 260 based on the advice of counsel the defendant must honestly and truly seek the advice of counsel, counsel must give advice that is reasonable in a legal sense, and the defendant must act in strict conformity with that advice." *Fuentes*, 728 F. Supp. 2d at 1358 (alterations added; citation omitted); *see also Dybach*, 942 F.2d at 1567 (assuming, *arguendo*, defendant satisfied the subjective component of good faith, "the employer still must shoulder the additional requirement of showing that the employer had reasonable grounds for believing that its conduct comported with the [FLSA]." (alterations added; internal quotation marks and citation omitted)).

The single case Defendants cite (*see* Resp. 2) — *Powell v. Carey International, Inc.*, 483 F. Supp. 2d 1168 (S.D. Fla. 2007) — also supports the proposition Defendants must do more than merely "indicate[] that they sought" advice of counsel to satisfy the related inquiry into lack of willfulness. *Id.* at 1175 (alteration added). In *Powell*, the court denied plaintiffs' motion for summary judgment on the issue of willfulness because defendants not only "indicated that they sought" advice of counsel as to their FLSA obligations, but also revealed the substance of the advice received from counsel,[3] and demonstrated they "followed the advice of counsel." *Id.*

---

[3] The affidavit evidence relied on by the *Powell* defendants revealed:

> 9. As is described in the Prospectus filed with the SEC . . . it was my understanding at the time, based on what I was told by Carey International's employment counsel, that this general independent operator agreement was drafted to comply with all applicable labor and tax laws. It was also drafted to follow the guidelines established by the IRS in 1997, for the express purpose of giving guidance to companies who wanted to insure that their independent operators were third party contractors rather than employees. In fact, the general independent operator agreement which I understood was provided by Carey International to its subsidiaries for their use as [sic] and if they may wish to use it, was drafted, reviewed and approved by Carey International's outside employment counsel as being in compliance with federal tax and labor laws.

"[C]asually seeking and obtaining the advice of counsel is not . . . enough always to avoid a finding that a violation of the FLSA is 'willful.'" *Townley v. Floyd & Beasley Transfer Co. Inc.*, No. 88-AR-0907-S, 1989 WL 205342, at *4 (N.D. Ala. Dec. 8, 1989) (alterations added). Additional information is critical to evaluating willfulness and determining the adequacy of Defendants' inquiry, particularly if such information reveals Defendants furnished counsel with an insufficient factual record for obtaining a reasonable legal opinion, or counsel advised Defendants their classification system did *not* comply with the FLSA and Defendants ignored this advice.

Defendants are not permitted to use the attorney-client privilege as both a sword and a shield. Defendants refused to produce the very evidence they need to support their lack of willfulness and good faith defense, including, "what advice was sought, what disclosures were made by the [D]efendants to their counsel, whether the legal advice was reasonable, and whether the [D]efendants strictly complied with the legal advice." *Fuentes*, 728 F. Supp. 2d at 1359 (alterations added; internal quotation marks and citation omitted). Because the fact Defendants consulted counsel, without more, constitutes hearsay, and is furthermore irrelevant, misleading, and unfairly prejudicial to Plaintiff, this evidence is inadmissible.

---

10. Based on the opinions provided to me as CEO and Chairman of the Board of Carey International by its outside counsel, I believed and understood that these independent operator agreements would create third party independent contractor relationships with the chauffeurs who signed them, for all purposes, including those related to compensation to these chauffeurs and payment of their employment taxes. Hence, relying on advice of this attorney and other attorneys who prepared Carey International's 1997 Prospectus, I signed that Prospectus, which contained the statement concerning these independent operator agreements that: 'The Company believes that its practices substantially conform to these [IRS] guidelines, and that, as a result its independent operators will be treated as third party contractors.' It was my understanding that the attorneys who prepared the prospectus had reviewed and relied on written opinion issued by the labor attorney referenced above.

(Decl. Vincent A. Wolfington [ECF No. 288-12] ¶¶ 9–10, in Case No. 1:05-cv-21395-PAS) (alterations added and in original)).

### B. Administrative Agency Decisions

Plaintiff also seeks to exclude various administrative agency decisions Defendants wish to introduce and rely on to indicate their lack of willfulness and good faith. (*See* Mot. 8–10; Resp. 3). The parties provide little actual description of the form of these agency decisions or their content, but they seem to consist of: (1) Internal Revenue Service ("IRS") audits of Zuni's books and operations, wherein the IRS found no tax violations except for a gas tax credit Zuni took for gas allowances for its ticket drivers (*see* Resp. 3–4); (2) a Florida Department of Revenue audit of Zuni examining "all aspects of the arrangements with Handy Wash and the independent drivers . . . to determine, among other things, [Zuni's] unemployment tax obligations" (*id.* (alterations added)); and "an unemployment compensation claim asserted by a former independent contractor that found Zuni was not the [contractor's] employer" (*id.* 3 (alteration added)).

The parties acknowledge these agency decisions and audits did not apply the relevant FLSA "economic reality" test to determine whether an individual falls into the category of covered employee or exempted independent contractor. *See Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311-12 (11th Cir. 2013). On this basis, Plaintiff asserts the administrative agency decisions are irrelevant, not probative of any issue in the case, and prejudicial as potentially confusing to the jury.[4] (*See* Mot. 8–9). Defendants concede this evidence should not "usurp the jury's role in determining whether Defendants misclassified Plaintiff based upon the applicable 'economic realities' test," but contend the evidence is nonetheless "highly relevant to Defendants' understanding and belief" "that their treatment of the independent contracts [sic]

---

[4] Plaintiff also cursorily raises a hearsay objection but provides no argument or case law in support. (*See generally* Mot.; Reply).

8

was not unlawful" and "they were compliant with applicable laws, including the FLSA." (Resp. 4).

The following principles guide the Court's determination. Relevant evidence is evidence having "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. Relevant evidence may be excluded if its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id*. 403. "'Unfair prejudice' within its [sic] context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* 403 advisory committee's note (alteration added). A motion *in limine* seeks "to exclude anticipated prejudicial evidence before the evidence is actually offered," *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984), and an order addressing it does not "determine the sufficiency of the evidence or merits of an issue." *Soliday v. 7-Eleven, Inc.*, No. 2:09-cv-807-FtM-29SPC, 2011 WL 1837807, at *1 (M.D. Fla. Apr. 20, 2011) (citing *id.*). Exclusion of relevant evidence due to the danger of unfair prejudice is an "extraordinary remedy which the district court should invoke sparingly," and "the balance should be struck in favor of admissibility." *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003) (alterations, internal quotation marks, and citations omitted).

Plaintiff relies on *Werner v. Bell Family Medical Center, Inc.*, No. 3:09 C 0701, 2012 WL 1514872 (M.D. Tenn. 2012), to argue the agency decisions should be excluded under Rule 403. (*See* Mot. 9). Like the instant case, the central issue in *Werner* was whether plaintiff was properly classified an employee or an independent contractor. *See Werner*, 2012 WL 1514872, at *2. Plaintiff sought to introduce, and defendants moved to exclude, an IRS determination plaintiff was an employee for federal tax purposes. *See id*. The court noted the "IRS' analysis

Case No. 14-20352-CIV-ALTONAGA/O' Sullivan

does not mirror the economic realities test," its findings were not binding on the court or the jury, and agreed with defendants that "the marginal relevance of the IRS' determination [was] outweighed by its potential to mislead the jury." *Id.* (alteration added). Ultimately, although plaintiff could not offer the evidence to prove he was an employee within the meaning of the FLSA, the *Werner* court nonetheless admitted the IRS determination for the "narrow purpose" of demonstrating defendants' willfulness, lack of good faith, and knowledge or notice of the FLSA violations. *Id.*; *see also Heath v. Perdue Farms, Inc.*, 87 F. Supp. 2d 452, 461 (D. Md. 2000) (noting the IRS common law definition of "employee" is "much narrower than that of the FLSA," but still considering the IRS' determination plaintiffs were employees in evaluating defendant's awareness and willfulness on summary judgment). This is precisely how Defendants seek to use the evidence here.

Because the agency decisions may be probative of Defendants' willfulness and good faith, and Plaintiff has not shown their relevance is substantially outweighed by the risk of confusing the jury — particularly in light of any limiting jury instructions — the Court denies Plaintiff's motion to exclude this evidence.

## IV. CONCLUSION

In accordance with the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion **[ECF No. 158]** is **GRANTED in part** and **DENIED in part**.

**DONE AND ORDERED** at Miami, Florida, this 13th day of July, 2015.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record